UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JAMES GAINFORTH #179409,

    Petitioner,                                     Case No.  2:10-CV-87

v.                                                        HON. GORDON J. QUIST

CATHERINE BAUMAN,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, James Gainforth, has filed Objections to Magistrate Judge Greeley's Report and Recommendation issued August 11, 2011, recommending that Petitioner's habeas petition be dismissed as barred by the one-year statute of limitations.  In a previous Report and Recommendation, the magistrate judge also concluded that Petitioner's petitioner was barred by the one-year statute of limitations, as set forth in 28 U.S.C. § 2244(d)(1)(A).  By Order entered on September 2, 2010, this Court rejected the Report and Recommendation and remanded to the magistrate judge to consider Petitioner's argument that a new ballistics test obtained in 2006 provided the basis for a new one-year period of limitations under § 2244(d)(1)(D) and to consider Petitioner's argument that he is entitled to equitable tolling based on his claim of actual innocence.  Following remand, Respondent filed a motion for summary judgment on the basis that the petition is barred by the one-year statute of limitations, and the magistrate judge recommended that the motion be granted.

After conducting a *de novo* review of the Report and Recommendation, and having considered Petitioner's Objections and his petition, the Court concludes that the Report and Recommendation should be adopted.

In support of his claim that his petition is timely, Petitioner relies on the 2006 ballistics test results, as well as his military medical records, which, Petitioner argues, show that his eyesight rendered him incapable of sighting the rifle to commit the murder.

Regarding the 2006 ballistics test, the magistrate judge concluded that § 2244(d)(1)(D) does not apply to provide a new one-year period because Petitioner could have discovered the basis for his claim of prosecutorial misconduct earlier with the exercise of due diligence.[1] (Report & Recommendation at 5-6.) The magistrate judge noted that David Balash, who provided the new ballistics expert opinion in 2006, reached the same conclusion as Thomas Mitchell, Petitioner's ballistics expert at trial. (*Id.* at 6.) Like Balash, the magistrate judge observed, Mitchell disagreed with the prosecution's ballistic expert and concluded that Petitioner's rifle could not have been the murder weapon. (*Id.*) The magistrate judge thus concluded that Balash's testimony is not a new factual predicate that would support a new one-year limitations period because the basis for Petitioner's claim–that the prosecutor violated Petitioner's due process rights by presenting false and misleading scientific testimony–was known to, or could have been discovered by, Petitioner with the exercise of due diligence.

The Court concurs with the magistrate judge that the new ballistics test and Balash's 2006 is not a new factual predicate. "Under § 2244(d)(1)(C) the statute of limitations for the filing of a federal habeas petition runs from the date a petitioner is put on notice of the facts which would support a claim for habeas relief, not from the date on which he has in his possession evidence to support such a claim." *Wyatt v. McDonald*, No. CIV S-09-2122 KJM DAD P, 2011 WL 6100611, at *5 (E.D. Cal. Dec. 7, 2011). As the magistrate judge observed, Balash and Petitioner's trial expert, Mitchell, both reached the same conclusion–that Petitioner's rifle did not fire the bullet. Thus, Petitioner could have discovered the basis for his claim even prior to Balash's new opinion.

---

[1] Under § 2244(d)(1)(D), the one-year period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner argues that magistrate judge misinterpreted his claim as relying on Balash's new opinion rather than the new ballistics test which, Petitioner claims, irrefutably shows that Petitioner's rifle was not the murder weapon. However, Petitioner fails to show that the new ballistics test conclusively shows that his rifle was not the murder weapon. This is in contrast to the DNA testing in *House v. Bell*, 547 U.S. 518, 126 S. Ct. 2064 (2006), cited by Petitioner, in which the state conceded that the later-obtained DNA evidence conclusively proved that evidence of semen on the victim's clothing introduced at the petitioner's trial came from the victim's husband instead of the petitioner, as the prosecution had claimed. *See id.* at 540, 126 S. Ct. at 2078. By contrast, in the instant case, Petitioner relied on Balash's opinion to support his motion for relief from judgment in the state court. As the Michigan Court of Appeals noted, Petitioner "did not show that Balash's opinion represented irrefutable scientific fact." *People v. Gainforth*, No. 275750, 2008 WL 4276471, at *5 (Mich. Ct. App. Sept. 16, 2008) (per curiam).

The magistrate judge also concluded that Petitioner failed to demonstrate a credible claim of actual innocence. The Court agrees with this conclusion. A valid claim of actual innocence requires "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 U.S. 851, 865 (1995). A discussed above, Petitioner's evidence was similar to the evidence he presented at trial and, thus, merely contradicted the prosecution's evidence. This new evidence is not significantly different than the evidence Petitioner presented at trial. Petitioner thus fails to show that it is more likely than not that a reasonable juror would have convicted him in light of his new evidence. *Id.* at 327, 115 S. Ct. at 867.

With regard to Petitioner's medical evidence pertaining to his impaired vision, which Petitioner contends supports his claim of actual innocence, the magistrate judge noted that such

evidence was available to Petitioner at the time of his trial and, even if Petitioner had presented his medical evidence at trial, it would not have excluded Petitioner as the shooter. The Michigan Court of Appeals explained in detail why Petitioner's medical evidence would not have categorically excluded him as the shooter. *Gainforth*, 2008 WL 4276471, at *4. Petitioner's medical evidence thus fails to support a claim of actual innocence. Accordingly, the Court rejects Petitioner's Objections and concludes that Petitioner's petition is untimely.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's conclusions that Petitioner's petition is untimely and that Petitioner has not presented a credible claim of actual innocence are debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 11, 2011 (docket no. 30) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (docket no. 31) are **OVERRULED**.

4

5

**IT IS FURTHER ORDERED** that Respondent's Motion For Summary Judgment and Dismissal (docket no. 10) is **GRANTED**, and Petitioner's habeas corpus petition is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated: January 23, 2012              /s/ Gordon J. Quist
                              GORDON J. QUIST
                         UNITED STATES DISTRICT JUDGE